IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Shelton Jamal Frazier, ) | |
| ) | C/A No. 1:14-4726-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Breon Baldwin, Nurse Candice, ) | |
| and Major Van Doran, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Shelton Jamal Frazier, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. On May 21, 2015, Defendants filed a motion for summary judgment (ECF No. 23). Plaintiff did not file any response and the magistrate judge entered a report and recommendation recommending that the action be dismissed for failure to prosecute. Plaintiff did not file any objections. On June 30, 2015, the court dismissed with prejudice this action for failure to prosecute noting that several pieces of mail addressed to Plaintiff had been returned undeliverable. (ECF No. 35). On November 16, 2015, Plaintiff filed a motion for an extension of time within which to respond to the Defendants' summary judgment motion. (ECF No. 39). Plaintiff has also filed a motion to reopen this case and to remand it to a "smaller court." (ECF No. 42). Defendants oppose the motions. (ECF Nos. 40, 41, 43, and 44).

When Plaintiff filed this action, he was a pre-trial detainee at the Dorchester County Detention Center. (ECF No. 1). In his motion for an extension, Plaintiff states that he was incarcerated and housed at the South Carolina's Department of Corrections' ("SCDOC") Evaluation Center for three months and was unable to "receive legal mail to do legal work," and that afterwards he was moved around to different locations. (ECF No. 39 at 1). Plaintiff seeks an extension within which to respond to the Defendants' summary judgment motion and to have

this action "dropped down to a smaller court." *Id.* In his second motion, essentially seeking the same relief, Plaintiff asks the court to re-open this action and remand it to a smaller court. (ECF No. 42).

In response, Defendants contend that Plaintiff has not articulated a valid reason for his failure to keep the court apprised of his address nor has he explained the delay in filing this motion, four and one half months after the action was dismissed. Defendant Baldwin also attached pertinent records from the SCDOC detailing Plaintiff's location during the pendency of this action. (ECF No. 40-2). It appears that at least since September 3, 2015, Plaintiff has been incarcerated at the Manning Correction Institution.

While Plaintiff alleges his receipt of mail was restricted for three months while he was in the SCDC's Evaluation Center, he does not allege he did not receive the court's Orders giving him notice that it was his responsibility to keep the court apprised of his current address, and if he failed to, his case could be dismissed. (ECF Nos. 7 and 12). Reviewing the docket, it appears that these Orders were not returned to the court. In fact, Plaintiff must have received the first Order (ECF No. 7), as he subsequently filed the service documents which the court sent to him with that Order and requested he return. (ECF No. 9).

Moreover, in his second motion, Plaintiff acknowledges that he did not let the court know of his change of address. (ECF No. 42 at 1). However, Plaintiff states that the day after his sentencing he "placed a few envelopes inside the dorm's mailbox" and that he did attempt to send the court a letter that he was leaving the custody of Dorchester County. *Id*. As Plaintiff acknowledges, he has been moved several times since he entered SCDC custody on April 9, 2015, (ECF Nos. 39 at 1; 40-2), but he does not explain why he failed to send the court a notice of change of address following any of those moves. Additionally, Plaintiff does not allege that he was precluded from sending the court notice of a change of address once he was transferred

2

out of the evaluation center in SCDC custody. Accordingly, the court denies Plaintiff's motions for an extension and/or to re-open his case and denies as moot his request to transfer this action to a different court.

Based on the foregoing, Plaintiff's Motions for an Extension (ECF No. 39) and to Reopen Case and Remand (ECF No. 42) are **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 1, 2016

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.